# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elie Deitsch,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.;<br>TransUnion, LLC; and<br>Newrez LLC dba Shellpoint Mortgage Servicing;<br><br>　　　　　　　Defendant(s). | Case No.: 1:22-cv-1600<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Elie Deitsch, by and through his attorneys, as for his Complaint against Defendants Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); TransUnion, LLC ("TransUnion") (Equifax, Experian, and TransUnion each a "Bureau" and collectively "Bureaus"); and Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq.

2.　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3.　Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.　Plaintiff is a resident of the State of New York, County of Nassau.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process upon its registered agent at Corporation Service Company, 80 State Street, Albany, NY, 12207 - 2543.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Equifax, Inc, the parent company of Equifax, is traded on the New York Stock Exchange under the symbol EFX.

12. In March 2022 Equifax, Inc. had a market cap of more than $29 billion.

13. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

14. Experian is an Ohio corporation registered to do business in this State.

15. Experian may be served with process upon its registered agent at c/o CT Corporation System, 28 Liberty Street, New York, NY 10005.

16. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

17. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

18. Experian PLC, the parent company for Experian, is traded on the London Stock Exchange under the symbol EXPN.

19. In March 2022 Experian PLC had a market cap of more than $37 billion.

20. Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

21. Defendant TransUnion is a Delaware corporation registered to do business in this State.

22. TransUnion may be served with process upon its registered agent at The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, NY 12207 - 2543.

23. At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

24. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

25. Trans Union, the parent company of Defendant TransUnion, is traded on the New York Stock Exchange under the symbol TRU.

26. In March 2022 Trans Union had a market cap of more than $19 billion.

27. Defendant Shellpoint is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

28. Shellpoint may be served with process c/o Corporation Service Company, 80 State Street, Albany, NY, 12207 - 2543.

29. Upon information and belief, Newrez, LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) is a wholly owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company.

30. Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies.

31. Both NRM Acquisition entities are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company.

32. New Residential Mortgage LLC is a wholly-owned subsidiary of New Residential Investment Corporation, a Delaware corporation.

33. New Residential Investment Corporation ("NRZ") is publicly traded on the New York Stock Exchange under the ticker symbol NRZ.

34. As of February 2022, NRZ had a market cap of over five billion dollars.

## FACTUAL ALLEGATIONS

35. Plaintiff incorporates the above allegations as if set forth here.

36. Some time prior to 2021, Plaintiff allegedly took out a loan subject to a mortgage ("loan", "mortgage" or "account") for property located in Woodmere, NY 11598.

37. The account number for this mortgage is 578xxx453.

38. Shellpoint is the servicer for the mortgage.

39. In early 2020, Plaintiff was approved for a forbearance plan due to Covid-19 related financial hardships.

40. The forbearance was ultimately extended until June 2021.

41. Plaintiff was working out a deferment with Shellpoint in June 2021.

42. Although the deferment was not yet confirmed, Plaintiff decided to err on the side of caution.

43. Plaintiff made the June 2021 mortgage payment.

44. On or about the end of June 2021, Plaintiff was approved for the deferment.

45. Plaintiff was told this would take a few weeks to process.

46. Plaintiff received a letter from Shellpoint, dated July 6, 2021, confirming the account is current and the next payment is due on July 1, 2021.

47. However, despite that Plaintiff was not late on his June 2021 payment, his credit reports from each Bureau were showing him as 30 days late in June 2021.

48. Plaintiff certainly was not 30 days late in June 2021.

49. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Shellpoint account.

50. On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included Shellpoint alleged delinquency.

51. The information furnished by Furnisher and published by the Bureau is and was inaccurate.

52. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

53. Plaintiff's credit reports were showing inaccurate information about the account.

54. For June 2021, Furnisher reported the alleged delinquency on Plaintiff's credit report.

55. Furnisher reported the account was 30 days delinquent for June 2021.

56. This is false.

57. There was no amount delinquent.

58. Plaintiff was on forbearance before June 2021, and made the June 2021 payment.

59. Certainly, Plaintiff was not 30 days delinquent on payments.

60. Each Bureau was reporting the account as 30 days delinquent in June 2021.

61. On or about January 10, 2022, Plaintiff sent disputes ("dispute") to each Bureau disputing the Furnisher-reported debt as inaccurate.

62. Plaintiff also sent a dispute to Furnisher.

63. Plaintiff described the history and noted he was not late in June 2021.

64. Plaintiff described why there was no past due balance.

65. Plaintiff described why the account was not delinquent.

66. Plaintiff noted the account was in forbearance prior to June 2021.

67. Plaintiff stated that he made the June 2021 payment.

68. Plaintiff explained that the deferment was approved in June 2021.

69. Plaintiff included supporting documentation.

70. The documentation included documents and communications from Shellpoint showing that Plaintiff was correct.

71. One document was an email from Shellpoint confirming that although Plaintiff "was reported delinquent for the month of June 2021, [he] was approved for deferral in the

month of June 2021 bringing his loan current for 07/01/2021. [T]he account did not show current until July 6, 2021 but that's because it took that long for payment processing to defer the pas[t] due payments to the back of the loan".

72. Shellpoint claimed it asked each Bureau to "remove[] the June 2021 delinquent reporting".

73. Plaintiff also including documentation, in his dispute, of his mortgage payments showing he made the June 2021 payment.

74. Plaintiff also included a copy of his deferment approval from Shellpoint demonstrating that his next payment was only due in July 2021.

75. Despite Plaintiff's dispute, each Bureau continued to report this incorrect information.

76. This reporting makes it look as if Plaintiff was delinquent on the mortgage in June 2021.

77. This reporting makes it look as if Plaintiff was 30 days delinquent on the mortgage in June 2021.

78. Each Bureau is required to notify Furnisher of Plaintiff's dispute(s).

79. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute(s).

80. Upon receipt of the dispute of the Account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

81. Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the Account is inaccurate.

82. A reasonable investigation by each Defendant would have revealed that the account is being incorrectly reported.

83. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

84. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the inaccurate June 2021 information within 30 days of receiving Plaintiff's dispute letter.

85. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

86. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

87. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

88. Each Defendant knew the information was inaccurate.

89. Each Defendant was in possession of the evidence showing this June 2021 reporting of the Account was inaccurate.

90. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

91. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

Damages

92. Defendants' erroneous reporting affected and continues to affect Plaintiff's creditworthiness and credit score.

93. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

94. Plaintiff suffered damage to his reputation as it falsely appears as if he was delinquent on the account.

95. This false information was published to numerous third-parties.

96. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

97. The Plaintiff suffered damage, inter alia, by loss of credit, loss of money due to the loss of credit, loss of ability to purchase and benefit from credit, lost time, loss of work, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98. Plaintiff was denied multiple funding opportunities due to Defendants' actions.

99. Due to Defendants' improper actions, Plaintiff was denied credit for a vehicle.

100. Due to Defendants' improper actions, Plaintiff was denied a line of credit.

101. Due to Defendants' improper actions, Plaintiff was denied credit and the ability to consolidate other loans.

102. Due to Defendants' improper actions, Plaintiff was charged higher interest rates.

103. Due to Defendants' improper actions, Plaintiff was denied the ability get a mortgage.

104. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit, and higher credit cost, for purchases and a mortgage.

105. Plaintiff suffered and continues to suffer tremendously due to Defendants' improper actions.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to each Bureau)**

106. Plaintiff incorporates the allegations in paragraphs 1-105 above as if set forth here.

107. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

108. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

109. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

110. Alternatively, upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

111. Each Bureau have willfully and recklessly failed to comply with the Act.

112. The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which the each Bureau had notice was inaccurate;

   d) The continual placement of inaccurate information onto the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

113. As a result of the conduct, action and inaction of the Bureaus, Plaintiff suffered damage as described above.

114. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

115. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to each Bureaus)

116. Plaintiff incorporates the allegations in paragraphs 1-105 above as if set forth here.

117. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

118. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

119. Alternatively, and upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

120. Each Bureau has negligently failed to comply with the Act.

121. The failure of each Bureau to comply with the Act includes but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

122. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

123. The conduct, action and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

124. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Furnisher)**

125. Plaintiff incorporates the allegations in paragraphs 1-105 above as if set forth here.

126. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

127. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

128. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

129. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

130. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

131. Furnisher willfully and recklessly violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

132. Furnisher continued to report this account on the Plaintiff's credit report after being notified of his disputes regarding the Account as described above.

133. As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

134. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

135. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Furnisher)

136. Plaintiff incorporates the allegations in paragraphs 1-105 above as if set forth here.

137. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

138. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

139. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

140. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

141. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

142. As described above, Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on Furnisher of information pursuant to 15 U.S.C. § 1681s-2 (b).

143. After receiving the dispute notice(s) from the Bureaus, Furnisher negligently failed to conduct a reinvestigation in good faith.

144. A reasonable investigation would require a furnisher such as Furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

145. The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

146. As a result of the conduct, action and inaction of the Furnisher, Plaintiff suffered damage as described above.

147. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

148. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 23, 2022

**Stein Saks, PLLC**
*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*